Hon. James P. Corcoran Superintendent of Insurance Insurance Department
Your counsel has asked whether the Insurance Department is required to serve Reports on Examination on a domestic insurer whose primary liability arises from the business of medical malpractice insurance. This inquiry is prompted by the fact that the Department is currently forbidden to apply for rehabilitation or liquidation of such insurers on certain grounds by virtue of section 16 of chapter 294 of the Laws of 1985 and section 8 of chapter 266 of the Laws of 1986.
Under section 309(b) of the Insurance Law, the Superintendent is required to make an examination into the affairs of every domestic casualty insurance company at least at three year intervals (extended to five years in certain circumstances). In addition, under section 309(a) the Superintendent may make an examination into the affairs of any insurance company doing business in the State as often as deemed expedient for the protection of the people of the State. Pursuant to section 310, these statutory examinations culminate in the preparation of a report on examination made and verified under oath by the examiner conducting the examinations.
Under section 311(b) of the Insurance Law, the Superintendent must provide a hearing if requested by the insurer, with reference to the facts, conclusions or recommendations contained in the report. The Superintendent must also accept the report, with modifications, if any, within six months of the final hearing, and must file it.
While we have not been supplied with copies of the Reports on Examination, which are the subject of your inquiry, we understand from your letter that such reports, which are applicable as of December 31, 1982 and December 31, 1984, have been completed for some time and under ordinary circumstances would have been served upon the insurer and appropriate regulatory action taken.
Section 16 of chapter 294 of the Laws of 1985 and section 8 of chapter 266 of the Laws of 1986 have been codified as section 2343(c) of the Insurance Law and are commonly referred to as moratorium provisions. They are part of legislation adopted to ease financial problems encountered by insurers in the medical malpractice insurance field. Under this moratorium, the Department cannot apply at any time prior to January 15, 1990 for an order of rehabilitation or liquidation of a domestic insurer primarily in the medical malpractice business on the grounds of insolvency or refusal to comply with an order to make good an impairment of capital or surplus. (Insolvency or refusal to comply with such an order, along with other specified grounds, would normally be a basis for the Department taking action against an insurer under section 7402 of the Insurance Law.)
In our opinion, the moratorium leaves in place the Superintendent's prerogatives under section 311 with respect to filing of Reports on Examination. The moratorium provisions have not modified the provisions of the Insurance Law dealing with preparation and filing of these Reports. However, if such Reports as finally approved show insolvency or failure to comply with an order to make good an impairment of capital or surplus, on the part of the insurer, any application for an order of rehabilitation or liquidation based on such showing must be deferred until January 15, 1990.
The Superintendent can in the interim conduct further examinations of the insurer under authority of Article 3 of the Insurance Law, so that a more current Report on Examination will be available.